# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 21-7051

September Term, 2021

FILED ON: APRIL 26, 2022

DONALD A. BURNS,

        APPELLEE

v.

WALTER C. ANDERSON,

        APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:16-mc-02509)

Before: SRINIVASAN, *Chief Judge*, TATEL and PILLARD, *Circuit Judges*.

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). The Court has accorded the issues full consideration and determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is hereby

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

Appellant, Walter Anderson, challenges a civil contempt order that the district court issued against him for violating an injunction. The injunction required Anderson to obtain court approval prior to "transferring or disposing" of any "interest . . . or . . . asset that he has received or may in the future receive" as a result of his mother's passing. Order at 1, *Burns v. Anderson*, No. 16-mc-02509 (D.D.C. Nov. 13, 2019). Yet without seeking court approval, Anderson disclaimed any interest he had in his parents' trust ("Trust"). Anderson argued to the district court that he did not violate the injunction because he could not have "transferr[ed] or dispos[ed]" of Trust "assets" that he never owned. Appellant's Br. 17. In a thorough and well-reasoned opinion, the district court rejected this argument, explaining that, as a beneficiary of the Trust, Anderson possessed an "interest" in it even if he never owned its "assets." *Burns v. Anderson*, No. 16-mc-02509, 2021 WL 1840368, at *3 (D.D.C. May 7, 2021). Moreover, the district court explained, "it is irrelevant that Anderson never owned . . . Trust assets before his disclaimer," because the injunction also covers assets or interests that Anderson "'may in the future receive' from his late-mother's estate."

*Id.* (quoting the injunction).

On appeal, Anderson renews his argument, this time relying on a transitive tangle of dictionary definitions and Virginia law, but none of this comes close to demonstrating that the district court abused its discretion in finding that Anderson violated the injunction. *See International Assoc. of Machinists & Aerospace Workers v. Eastern Air Lines, Inc.*, 849 F.2d 1481, 1486 (D.C. Cir. 1988) ("The standard of review on an appeal from a finding of civil contempt is whether the District Court abused its discretion."). Because Anderson failed to raise his remaining arguments in the district court, and because he has identified no "'exceptional circumstances'" that would excuse his failure, they are forfeited. *Flynn v. Commissioner of IRS*, 269 F.3d 1064, 1068–69 (D.C. Cir. 2001) ("Generally, an argument not made in the lower tribunal is deemed forfeited and will not be entertained absent 'exceptional circumstances.'").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**<u>Per Curiam</u>**

                                              **FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk